**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TERRANCE BLALARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2024 CV 04929 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| CHANG CHUN PETROCHEMICAL CO., LTD., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants Amcor Flexibles North America, Inc. ("Amcor") and PLS Logistics Services's ("PLS") motions to dismiss Plaintiff Terrance Blalark's amended complaint [50, 62]. For the following reasons, we grant the motions without prejudice and give Plaintiff 60 days to amend his complaint, if he so chooses.

**I.      Background**

The following facts are accepted as true for the purpose of resolving the motions to dismiss. Plaintiff was employed as a commercial truck driver by Chicago Freight. (Dkt. 42 ¶ 18.) On January 30, 2024, Plaintiff was driving a truck his employer leased from Penske Truck Leasing Corporation, L.P. while transporting a sealed container carrying over 33,000 pounds of ethylene vinyl alcohol copolymer that Amcor had purchased from the manufacturers of the product, Chang Chun Chemical Corporation ("Chang Chun Chemical") and Chang Chun Petrochemical Co., Ltd. ("Chang Chun Petrochemical"). (*Id.* ¶¶ 19–22.) Chang Chun Chemical, Chang Chun Petrochemical, and H&C Industries Inc. packed, loaded, and shipped the subject container, and instructed that the container remain sealed until reaching its final intended destination at Amcor's business site. (*Id.* ¶ 23.) PLS provided "[l]ogistics and broker services for this sealed container[.]" (*Id.* ¶ 21.)

1

While making a left turn on an Illinois highway, the truck Plaintiff was driving, along with the subject container affixed to it by chassis, rolled over on to its passenger side. (*Id.* ¶¶ 24, 31–32.) Plaintiff sustained injuries, including to his spinal cord, as a result of the rollover. (*Id.* at *8.)

## II.     Legal Standard

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). A complaint must contain factual allegations that, accepted as true, "state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not plead particularized facts, but the complaint's allegations must be more than speculative. *Twombly*, 550 U.S. at 555. "Formulaic recitations of the elements of a cause of action are insufficient." *Stephenson v. City of Chicago*, 2021 WL 3550325, at *1 (N.D. Ill. Aug. 11, 2021) (Coleman, J.) (quotations omitted).

## III.     Discussion

Plaintiff's eight-count amended complaint alleges a single count of negligence against each of eight defendants, including Amcor and PLS. To plead common law negligence in Illinois, a plaintiff must allege: (1) the existence of a duty of care owed by the defendant to the plaintiff, (2) a breach of that duty of care, (3) an injury proximately caused by the breach, and (4) damages. *Estate of Johnson v. Condell Memorial Hospital*, 520 N.E.2d 37, 39 (Ill. 1988). Whether a duty of care exists is a question of law for the court, and involves consideration of four factors: "(1) the reasonable foreseeability of the claimant's injury; (2) the likelihood of injury; (3) the magnitude of the defendant's burden of guarding against that injury; and (4) the consequences of placing the burden on the defendant." *In re Estate of*

*Compton*, 965 N.E.2d 436, 439 (Ill. App. Ct. 2012) (quoting *Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1057 (Ill. 2006)).

Plaintiff contends that Amcor had a duty to exercise reasonable care and caution in ensuring that the product it purchased was properly and safely loaded within the subject container so that it could be safely transported by commercial truck drivers, including Plaintiff. (Dkt. 42 at *9.)[1] Plaintiff contends that PLS had a duty to exercise reasonable care and caution in "ensuring that a shipment it agreed to receive compensation for to arrange logistics between [the sellers and buyer] was properly and safely loaded within the subject container so it could be safely transported by commercial truck drivers, including and in particular, [] Plaintiff[.]" (Dkt. 42 at *16–17.)

Plaintiff alleges that Amcor and PLS breached their duties by failing to ensure that the shipment was safely loaded within the subject container so that it was properly balanced; failing to ensure that the shipment was safely secured within the subject container so that it would remain stationary during transport; improperly permitting or instructing that the subject container be sealed, thereby preventing Plaintiff from inspecting its interior; and failing to warn Plaintiff that the subject container was not properly and safely loaded. (*Id.* at *9–10, 17.) Plaintiff also alleges that Amcor improperly entered into a purchase order that permitted the subject container to be loaded such that the total weight exceeded that which allowed for safe transport, and that PLS improperly allowed the shipment to be loaded such that the total weight exceeded that which allowed for safe transport. (*Id.* at *10, 17.)

Amcor and PLS moved to dismiss the amended complaint on the ground that Plaintiff has failed to meet his burden to establish a duty of care, and thus failed to state a cause of action in negligence.

---

[1] Due to Plaintiff's seemingly perfunctory copy-and-paste efforts throughout his amended complaint, wherein each of the eight counts starts at a paragraph numbered 35, the Court alternates between citing paragraph and page numbers, as appropriate, in this Opinion.

Viewing the allegations in the light most favorable to the plaintiff, the Court concludes that the amended complaint fails to state a claim against Amcor and PLS because it does not contain facts sufficient for this Court to find that either defendant owed Plaintiff a duty of care cognizable under Illinois law.

The Court's review of the amended complaint reveals that Amcor's involvement was limited to purchasing, and serving as the intended recipient of, the product Plaintiff transported inside the subject container. Plaintiff does not cite, and the Court is unaware of, any case law supporting the notion that the mere purchase of a product creates a duty of care to supervise that product's shipment and ensure its safe delivery. The Court does not accept Plaintiff's conclusory finding, unsupported by factual allegations, that Amcor "had the right and ability to exercise control over how its customers packaged, loaded, and shipped products [Amcor] purchased [] from [Chang Chun Chemical and Chang Chun Petrochemical]." (*Id.* at *9.) The Court is also unable to discern what "customers" the amended complaint references, or their relevance to the pleadings.

Moreover, Plaintiff posits that a duty of care *can* arise from a contract. (Dkt. 70 at *4.) While this may be true, the amended complaint contains no allegations regarding any contract whatsoever from which a duty could arise. The Court will not entertain speculative allegations. *See Twombly*, 550 U.S. at 555.

As to PLS, the amended complaint is devoid of any allegations that PLS was involved in transporting, loading, packing, securing, providing a chassis for, sealing, inspecting, or giving instructions about sealing the subject container or truck. Nor does Plaintiff allege that PLS knew or should have known of the purported danger presented in transporting the subject container. *See McKinney v. Hobart Bros. Co.*, 127 N.E.3d 176, 187 (Ill. App. Ct. 2018) (holding that a duty to warn of a particular hazard exists only where the defendant knows or should know that injury may occur if no warning is given). Indeed, Plaintiff alleges only that PLS provided "[l]ogistics and broker services for

this sealed container," (Dkt. 42 ¶ 21), and argues that implicit in this allegation is the assertion that PLS had contact with the parties over this shipment. (Dkt. 84 at *4.) But mere contact does not create a duty of care, and Plaintiff cites no case holding otherwise. *See In re Estate of Compton*, 965 N.E.2d at 439 (listing four factors for consideration in the duty analysis).

Plaintiff also attempts to clarify that the duty it contends PLS owed "arises from [its] contractual agreement to accept compensation to arrange for the shipment of the subject container." (Dkt. 84 at *3.) But, without the contract itself or any allegation that PLS failed to perform an act required by contract, Plaintiff's argument holds no water. *See Codan Forsikring A/S v. ConGlobal Indus.*, 315 F. Supp. 3d 1085, 1095 n.8 (N.D. Ill. 2018) (Chang, J.) ("Where a defendant is charged with negligence *because of his failure to perform an act allegedly required by contract*, the question of whether the defendant had a duty to perform the act is determined by the terms of the contract itself.") (emphasis added) (citing *Kotarba v. Jamrozik*, 669 N.E.2d 1185, 1188 (Ill. App. Ct. 1996)). Plaintiff argues that he is in need of discovery to "expand upon the precise nature of PLS's duty," as he currently "cannot allege further facts as to the specific terms of a contract he does not possess," (Dkt. 84 at *2–4). At a minimum, the amended complaint must supply enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations and that relief is plausible. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Plaintiff's amended complaint does not do so, and this Court will not engage in mere speculation. *See Twombly*, 550 U.S. at 555.

Lastly, Plaintiff argues that neither Amcor nor PLS has "provided any contrary evidence or even alleged that the contract between [Amcor or PLS] and the Defendants negates the allegations of the Complaint[.]" (Dkt. 70 at *1; Dkt. 84 at *2.) But Amcor and PLS have no such obligation to do so. In fact, even if PLS were to present such "contrary evidence," this Court would not be able to give it credence, as a court may not consider factual allegations outside the face of the complaint, *see*

*Doe v. First Nat'l Bank*, 865 F.2d 864, 873 (7th Cir. 1989), and must accept all well-pleaded factual allegations in Plaintiff's amended complaint as true. *See Erickson*, 551 U.S. at 94.

**IV.    Conclusion**

For the foregoing reasons, the Court grants Amcor and PLS's motions to dismiss [50, 62] without prejudice.  Plaintiff has 60 days to amend his complaint if he so chooses.  The parties are directed to proceed with discovery, as the Court will not consider a stay of discovery.

**IT IS SO ORDERED.**

Sharon Johnson Coleman
United States District Judge

DATED: 3/6/2025